UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VAMAN CHHIBBER,

                         Plaintiff,                    Case # 18-CV-6039-FPG

v.                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

## INTRODUCTION

Plaintiff Vaman Chhibber brings this action pursuant to the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 10. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On May 2, 2014, Chhibber protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 148-54. He alleged disability since November 22, 2013 due to chronic fatigue syndrome, schizophrenia, and a mental breakdown in the 1980s. Tr. 173. On April 4, 2016, Chhibber and a vocational expert ("VE") testified at a video hearing before Administrative Law Judge Paul Greenberg ("the ALJ"). Tr. 29-57. On October 4, 2016, the ALJ issued a decision

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

finding that Chhibber was not disabled within the meaning of the Act. Tr. 15-24. On December 1, 2017, the Appeals Council denied Chhibber's request for review. Tr. 1-6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of

impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Chhibber's claim for benefits under the process described above. At step one, the ALJ found that Chhibber had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Chhibber has schizoaffective, psychotic, and affective disorders, which constitute severe impairments. Tr. 17-18. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 18-19.

Next, the ALJ determined that Chhibber can perform a full range of work at all exertional levels but can perform only simple, routine tasks; can only occasionally interact with coworkers but cannot interact with the public; and must avoid concentrated exposure to dusts, odors, fumes, and pulmonary irritants. Tr. 20-22.

At step four, the ALJ found that this RFC precludes Chhibber from performing his past relevant work as a security guard. Tr. 23. At step five, the ALJ relied on the VE's testimony and found that Chhibber can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 23-24. Specifically, the VE found that Chhibber could work as a packager, hand packager, and circuit board screener. Tr. 24. Accordingly, the ALJ concluded that Chhibber was not disabled under the Act. *Id.*

### II. Analysis

Chhibber argues that remand is required because the ALJ violated the treating physician rule.[2] ECF No. 6-1 at 18-21; ECF No. 11. Specifically, Chhibber asserts that the ALJ improperly

---

[2] Chhibber also asserts that the ALJ improperly weighed another medical opinion and that the RFC assessment lacks limitations. ECF No. 6-1 at 20-24. The Court will not reach those arguments because it remands based on the ALJ's violation of the treating physician rule.

4

discounted the opinion of treating psychiatrist Mohammed Ismail, M.D. and improperly afforded substantial weight to the opinion of state agency psychological consultant T. Harding, Ph.D. *Id.* The Court agrees.

### A. Treating Physician Rule and Weighing Non-Examining Opinions

The treating physician rule instructs the ALJ to give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

When a treating physician's opinion is not given controlling weight, the ALJ must consider the following factors in determining how much weight it should receive: "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)-(6).

In addition to adhering to the treating physician rule, the ALJ must "evaluate every medical opinion [he] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y.

1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998). Unless a treating physician's opinion is given controlling weight, the ALJ uses the same factors listed above to evaluate other medical opinions. 20 C.F.R. § 404.1527(c). With respect to opinions from non-examining consultants, the ALJ will generally give more weight to an opinion from a source who has examined the claimant than to a non-examining source's opinion. 20 C.F.R. § 404.1527(c)(1). "District courts in this Circuit have stated, as a general proposition, that while reports from non-examining consultants are entitled to some evidentiary weight, they cannot constitute substantial evidence." *Sundown v. Colvin*, No. 1:15-CV-00814(MAT), 2018 WL 1081014, at *3 (W.D.N.Y. Feb. 28, 2018) (quotation mark and citations omitted).

### B. Dr. Ismail's Opinion

On February 10, 2016, Dr. Ismail completed a Mental Impairment Questionnaire. Tr. 743-46. He indicated that Chhibber became his patient in 1998 and that he sees him every two to three months. Tr. 743. Dr. Ismail opined that Chhibber has marked limitations[3] in his ability to perform daily activities and maintain social functioning and moderate deficiencies in concentration, persistence, or pace. Tr. 745. Dr. Ismail also opined that Chhibber's impairments or treatment will make him miss work more than four days per month and that his impairments have lasted or can be expected to last at least 12 months. Tr. 746.

The ALJ recognized Dr. Ismail's treatment relationship with Chhibber, but ultimately gave his opinion "limited weight" because it "is a checklist form with limited narrative" and, "[b]ased on the record overall, including Dr. [Christopher] Taggart's[4] opinion, [the] assessment of marked

---

[3] Marked means more than moderate but less than extreme. Tr. 745. A marked limitation may arise when several activities or functions are impaired or when only one is impaired if the degree of limitation seriously interferes with the ability to function independently, appropriately, effectively, and on a sustained basis. *Id.*

[4] Dr. Taggart is Chhibber's treating physician, and the ALJ afforded his opinion only "partial weight." Tr. 22.

6

limitations in activities of daily living and social functioning overstates significantly the degree of [Chhibber]'s impairments." Tr. 22.

As an initial matter, the ALJ completely ignores Dr. Ismail's opinion that Chhibber has moderate deficiencies in concentration, persistence, or pace and will be absent from work more than four days per month, which, if credited, would render Chhibber disabled.[5] As for Dr. Ismail's opinion that Chhibber has marked limitations in his ability to perform daily activities and maintain social functioning, the ALJ concludes, without any explanation, that it is inconsistent with "the record overall, including Dr. Taggart's opinion." *Id.* Although an ALJ is entitled to discount a treating physician's opinion that he finds inconsistent with the record as a whole (20 C.F.R. § 404.1527(c)(4)), he cannot simply assert that the opinion is "unsupported by the record" without further explanation. *See Maldonado v. Comm'r of Soc. Sec.*, No. 12-CV-5297 (JO), 2014 WL 537564, at *13 (E.D.N.Y. Feb. 10, 2014) (noting that these types of "general statements are not sufficiently specific to be of any use in [the district court's] effort to determine whether the ALJ's determination was supported by substantial evidence").

The ALJ does not explain which portions of the record or Dr. Taggart's opinion contradict Dr. Ismail's opinion as to performing daily activities and social functioning. In fact, Dr. Taggart's opinion does not mention Chhibber's daily activities. Tr. 736-40. As to social functioning, Dr. Taggart opined that Chhibber is "seriously limited, but not precluded"[6] from accepting instructions and responding appropriately to criticism from supervisors and getting along with coworkers or peers and is "limited but satisfactory" in his ability to work in coordination or proximity to others

---

[5] The VE testified that an individual is unemployable if he will regularly be absent from work more than two days per month. Tr. 55-56.

[6] This means that Chhibber's ability to function in the named area is "seriously limited and less than satisfactory, but not precluded" and indicates "a substantial loss of ability to perform the work-related activity." Tr. 738.

7

without being unduly distracted, interact appropriately with the public, and maintain socially appropriate behavior. Tr. 738-39.

Many of Dr. Taggart's assessed limitations seem to support Dr. Ismail's opinion that Chhibber has marked limitations in his ability to maintain social functioning, and thus the ALJ's reasoning is unclear. Accordingly, the Court finds that the ALJ did not provide the requisite good reasons for discounting Dr. Ismail's opinion.

### D.  Dr. Harding's Opinion

On August 20, 2014, Dr. Harding reviewed Chhibber's record and completed a Disability Determination Explanation. Tr. 58-68. Dr. Harding indicated that Chhibber is moderately limited in his ability to perform numerous work-related mental functions including: maintaining attention and concentration for extended periods; performing activities within a schedule, maintaining regular attendance, and being punctual; working in coordination with or in proximity to others; making simple work-related decisions; completing a normal workday and workweek; interacting appropriately with the public; accepting instructions and responding appropriately to criticism from supervisors; getting along with coworkers or peers; and responding appropriately to workplace changes. Tr. 63-65. Despite these detailed findings, Dr. Harding merely concluded that Chhibber is "limited to simple work." Tr. 65.

Because the ALJ discounted the treating opinions of Drs. Ismail and Taggart, he was required to analyze Dr. Harding's opinion pursuant to the factors set forth in 20 C.F.R. § 404.1527(c).[7] Although the ALJ acknowledged that Dr. Harding is a "non-treating, non-

---

[7] Those factors are: (1) whether the source examined the claimant; (2) whether the source had a treating relationship with the claimant and the length, nature, and extent of that relationship; (3) whether the opinion is supported by relevant evidence and is well-explained; (4) whether the opinion is consistent with the record as a whole; (5) whether the source is a specialist opining about medical issues related to his or her area of expertise; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6).

examining source," he nonetheless afforded "substantial weight" to his opinion in part because it found it "consistent generally with the [RFC]." Tr. 22. This reason is unfounded, because the ALJ cannot credit a medical opinion to the extent it is consistent with his already-determined RFC. *See, e.g.*, *Faherty v. Astrue*, No. 11-CV-02476 (DLI), 2013 WL 1290953, at *14 (E.D.N.Y. Mar. 28, 2013) ("The ALJ explained the reason for giving [a] medical source statement significant weight was that it was consistent with her RFC. Such reasoning is circular and flawed. The ALJ should use medical opinions to determine Plaintiff's RFC, and, therefore, cannot give medical opinions weight based on their consistency with the RFC."). The ALJ also afforded substantial weight to Dr. Harding's opinion based on its consistency with Dr. Taggart's opinion, but fails to explain how Dr. Taggart's opinion supports Dr. Harding's findings.

Moreover, because the ALJ discounted all the other mental health opinions,[8] it appears that he relied on Dr. Harding's non-examining opinion as substantial evidence for the mental limitations contained in the RFC determination, which was improper. *See, e.g.*, *D'augustino v. Colvin*, No. 15-CV-6083, 2016 WL 5081321, at *2 (W.D.N.Y. Sept. 16, 2016) ("[E]ven where a non-examining opinion is afforded weight, *it alone* cannot be considered substantial evidence.") (emphasis added).

The Commissioner offers several reasons why the ALJ was entitled to discount Dr. Ismail's opinion and instead rely on Dr. Harding's assessment (ECF No. 10-1 at 15-23), but the Commissioner may not substitute her own rationale when the ALJ failed to provide one. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (quotation marks and citation omitted). Chhibber is

---

[8] As mentioned, the ALJ discounted the treating opinions of Drs. Ismail and Taggart. The ALJ also afforded only "partial weight" to the opinion of consultative psychologist Yu-Ying Lin, Ph.D. Tr. 22. Consultative examiner Harbinder Toor, M.D. also rendered an opinion that assessed Chhibber's physical limitations. *Id.*

9

entitled to a proper analysis of Dr. Ismail's opinion and, if appropriate, good reasons why it must be rejected. Accordingly, the Court remands this matter for further administrative proceedings.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 4, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court